16-3877 (L)
*Paulsen v. PrimeFlight Aviation Servs., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand seventeen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

—————————————————————

JAMES G. PAULSEN, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board,

> *Petitioner-Appellee-Cross-Appellant*,

> v.                                          Nos. 16-3877, 17-8

PRIMEFLIGHT AVIATION SERVICES, INC.,

> *Respondent-Appellant-Cross-Appellee*.*

—————————————————————

For Petitioner-Appellee-Cross-Appellant:   JONATHAN M. PSOTKA, Attorney (Richard F. Griffin, Jr., General Counsel; Jennifer Abruzzo, Deputy General Counsel; Barry J. Kearney,

---

* The Clerk of Court is respectfully directed to amend the caption as above.

1

Associate General Counsel; Jayme L. Sophir, Deputy Associate General Counsel; Elinor L. Merberg, Assistant General Counsel; Laura T. Vazquez, Deputy Assistant General Counsel, *on the brief*), National Labor Relations Board, Washington, DC.

For Respondent-Appellant-Cross-Appellee:

CHRISTOPHER C. MURRAY (William Franklin Birchfield, *on the brief*), Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Indianapolis, IN; New York, NY.

For Amicus Curiae Service Employees International Union, Local 32BJ:

BRENT GARREN, General Counsel, Service Employees International Union, Local 32BJ, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings.

National Labor Relations Board ("NLRB") Regional Director James G. Paulsen petitioned for temporary injunctive relief under § 10(j) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(j), directing PrimeFlight Aviation Services, Inc. ("PrimeFlight") to recognize and bargain with the Service Employees International Union, Local 32BJ ("SEIU") as the representative of PrimeFlight's employees. On October 24, 2016, the district court (Cogan, *J.*) granted the petition in part and issued a preliminary injunction. PrimeFlight appeals from the issuance of the injunction, and Paulsen cross-appeals, challenging certain provisions included in or omitted from the injunction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We affirm the issuance of the injunction and affirm in part and reverse in part the terms of the injunction.

"[T]he task of a district court in a section 10(j) proceeding is two-fold, requiring a determination whether there is reasonable cause to believe that unfair labor practices have been committed and, if so, whether the requested relief is just and proper." *Kaynard v. Mego Corp.*, 633 F.2d 1026, 1030 (2d Cir. 1980) (Friendly, *J.*) (internal quotation marks omitted). In making this determination, "[a]ppropriate deference must be shown to the judgment of the NLRB, and a district court should decline to grant relief only if convinced that the NLRB's legal or factual theories are fatally flawed." *Silverman v. Major League Baseball Player Relations Comm., Inc.*, 67 F.3d 1054, 1059 (2d Cir. 1995). We review *de novo* a district court's determination of whether there was reasonable cause to believe an unfair labor practice has been committed, and we review its determination that injunctive relief was just and proper for an abuse of discretion. *Mego Corp.*, 633 F.2d at 1030. We review any factual findings for clear error. *Id.*

PrimeFlight argues that the district court lacked reasonable cause to believe unfair labor practices have been committed because PrimeFlight, as a contractor providing services to an airline, is not subject to the NLRA. PrimeFlight is correct that the NLRB and the National Mediation Board ("NMB") have, in the past, concluded that contractors like PrimeFlight are not subject to the NLRA. *See, e.g.*, *Air Serv Corp.*, 33 NMB 272, 272 (2006). More recently, however, the NLRB and the NMB have concluded that contractors like PrimeFlight and PrimeFlight itself are subject to the NLRA. *See PrimeFlight Aviation Servs., Inc.*, No. 12-RC-113687, 2015 WL 3814049, at *1 n.1 (N.L.R.B. June 18, 2015); *Bags, Inc.*, 40 NMB 165, 170 (2013); *Huntleigh USA Corp.*, 40 NMB 130, 137–38 (2013); *Aero Port Servs., Inc.*, 40 NMB 139, 143 (2013). PrimeFlight claims that this shift was arbitrary and capricious because the NLRB failed to properly explain it. *See ABM Onsite Servs.-West, Inc. v. NLRB*, 849 F.3d 1137, 1146–47 (D.C. Cir. 2017). However, the question of whether the NLRB and NMB's about-face

3

was procedurally sound under the Administrative Procedure Act is not before us. Instead, the question here is whether Paulsen's claim that PrimeFlight was subject to the NLRA was "fatally flawed." *Major League Baseball Player Relations Comm.*, 67 F.3d at 1059. In light of the numerous NLRB and NMB precedents supporting Paulsen's position, we cannot conclude that it was "fatally flawed." *Id.*

PrimeFlight also argues that the district court lacked reasonable cause because it had not hired a "substantial and representative complement" of its workforce by the time SEIU demanded recognition. *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 52 (1987). To determine whether an employer has hired a "substantial and representative complement" by the date of a union's recognition demand, a court looks to

> whether the job classifications designated for the operation were filled or substantially filled[,] . . . whether the operation was in normal or substantially normal production[,] . . . the size of the complement on that date and the time expected to elapse before a substantially larger complement would be at work . . . as well as the relative certainty of the employer's expected expansion.

*Id.* at 49 (final alteration in original) (internal quotation marks and citations omitted). The district court made factual findings as to these factors that support the conclusion that PrimeFlight had hired a substantial and representative complement of employees as of the date of SEIU's demand for recognition. PrimeFlight has failed to demonstrate that the district court's factual findings were clearly erroneous. Accordingly, we conclude the district court had reasonable cause to believe PrimeFlight committed an unfair labor practice.

PrimeFlight also argues that injunctive relief was not just and proper. "[I]njunctive relief under § 10(j) is just and proper when it is necessary to prevent irreparable harm or to preserve the status quo." *Hoffman v. Inn Credible Caterers, Ltd.*, 247 F.3d 360, 368 (2d Cir. 2001). "[T]he appropriate test for whether harm is irreparable in the context of § 10(j) successorship cases is

whether the employees' collective bargaining rights may be undermined by the successor's unfair labor practices and whether any further delay may impair or undermine such bargaining in the future." *Id.* at 369. Relying on employee affidavits, the district court concluded that PrimeFlight's refusal to recognize and bargain with SEIU has had a chilling effect on employees exercising their collective bargaining rights. PrimeFlight does not point to evidence contradicting the district court's conclusion. Accordingly, the district court did not abuse its discretion in determining that injunctive relief was just and proper.

With respect to Paulsen's cross-appeal, "[d]istrict courts have broad authority in crafting equitable remedies such as injunctions," *Conn. Office of Prot. & Advocacy for Persons with Disabilities v. Hartford Bd. of Educ.*, 464 F.3d 229, 245 (2d Cir. 2006), although we must bear in mind "that a judge's discretion is not boundless and must be exercised within the applicable rules of law or equity," *Inn Credible Caterers*, 247 F.3d at 364 (internal quotation marks omitted). Because Paulsen fails to identify any statute or binding precedent that limited the district court's authority to include, in a § 10(j) preliminary injunction, a provision temporarily disallowing minimum shift requirements in any agreement between PrimeFlight and SEIU, the district court did not abuse its discretion by including that provision in the preliminary injunction. By contrast, a cease and desist order complements a bargaining order and, accordingly, is a standard part of a § 10(j) preliminary injunction. *See Seeler v. Trading Port, Inc.*, 517 F.2d 33, 37–38 (2d Cir. 1975). And PrimeFlight offers no argument on appeal in defense of the district court's omission of the cease and desist order. Accordingly, we conclude that the district court abused its discretion by omitting a cease and desist order from the preliminary injunction.

We have considered all of the parties' remaining contentions on appeal and have found that they are without merit. For the foregoing reasons, the order of the district court is

5

**AFFIRMED** as to the issuance of the injunction and **AFFIRMED** in part and **REVERSED** in part as to the terms of the injunction. We **REMAND** with direction to enter an appropriate cease and desist order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
